# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALVIN IRVING JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-2777** |
| **21st DISTRICT COURT** | **SECTION "I"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I. STATE COURT PROCEDURAL BACKGROUND

The petitioner, Alvin Irving Jr., is incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.[2] Irving was charged by bill of information in Tangipahoa Parish on February 13, 2001, with illegal possession of stolen things.[3]

He entered a nolo contendere plea to the charge on August 6, 2002.[4] The state trial court sentenced him to serve 10 years in prison with credit for time served, and the remainder of the sentence was suspended.[5] Irving was placed on supervised probation for five years with monitoring set to begin on November 26, 2002.[6] The court further ordered Irving to report to the probation office on August 14, 2002.[7]

Irving's conviction became final five days after he was sentenced, on August 13, 2002, because he did not file a notice of appeal or seek reconsideration of his sentence.[8]

---

[2] Rec. Doc. No. 7.

[3] St. Rec. Vol. 1 of 1, Bill of Information, 2/13/01.

[4] St. Rec. Vol. 1 of 1, Minute Entry, 8/6/02; Sentencing Transcript, 8/6/02.

[5] Id.

[6] Id.

[7] Id.

[8] Failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985). At the time, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

Caldwell v. Dretke, 429 F.3d 521, 529 (5th Cir. 2005) (a judgment imposing probation becomes final at the conclusion of direct review or the expiration of the time for seeking such review); see Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914); La. Code Crim. P. art. 13 (weekends and holidays not included in a calculation of period less than seven days).

On November 26, 2002, the prosecutor reported to the court that Irving had failed to report for felony monitoring, and a bench warrant was issued.[9] Irving appeared in court on March 31, 2003, the bench warrant was resolved and Irving was apparently returned to probation.[10]

On January 6, 2006, Irving's counsel filed a motion for a detention hearing, indicating that Irving had been arrested by his probation officer on December 6, 2005.[11] The state trial court held the hearing on January 9, 2006, and detained Irving in jail awaiting a revocation hearing.[12]

---

[9] St. Rec. Vol. 1 of 1, Docket Entry, 11/26/02.

[10] St. Rec. Vol. 1 of 1, Docket Entry, 3/31/03.

[11] St. Rec. Vol. 1 of 1, Motion for Writ of Habeas Corpus, 1/6/06.

[12] St. Rec. Vol. 1 of 1, Docket Entry, 1/9/06.

On January 17, 2006, the probation officer filed a motion seeking to revoke Irving's probation.[13] The officer indicated that Irving had been arrested four times during 2004 and 2005 and convicted once of another crime. The officer also alleged that Irving had failed to report or pay supervision fees since June of 2003 and had not complied with other conditions of his probation.

At the hearing held on February 8, 2006, the court revoked Irving's probation and made the original 10-year sentence executory.[14] Irving did not seek review of this order.[15]

Four months later, on July 28, 2006, Irving filed a petition seeking habeas corpus relief in this federal court, alleging that he was improperly brought back from California without a valid governor's warrant and that he was illegally detained by the probation office without due process.[16] On my recommendation, the district court dismissed the petition for failure to exhaust state court remedies on February 22, 2007.[17]

---

[13] St. Rec. Vol. 1 of 1, Motion for Hearing to Revoke Probation, 1/17/06.

[14] St. Rec. Vol. 1 of 1, Minute Entry, 2/8/06; Hearing Transcript, 2/8/06.

[15] Petitioner had 30 days from issuance of the trial court's order to file for review in the Louisiana First Circuit Court of Appeal. La. App. Rule 4-3; La. Code Crim. P. art. 922.

[16] Irving v. La. Dept. of Pub. Safety and Corr., Civ. Action No. 06-4291"I"(2) (E.D. La.), Rec. Doc. No. 1.

[17] Id., Rec. Doc. Nos. 10, 12, 13.

4

On March 12, 2007, Irving submitted a writ application to the Louisiana First Circuit Court of Appeal, which was filed by the court on March 16, 2007.[18] Irving therein sought review of the state trial court's probation revocation. The court denied the application without reasons on May 2, 2007.[19]

Irving thereafter submitted a writ application to the Louisiana Supreme Court on May 29, 2007, raising two grounds for review:[20] (1) The probation officer failed to place him on a verifiable probation monitoring schedule. (2) The arrest warrant was issued without probable cause. The court denied the application without reasons on May 24, 2008.[21]

## II.  FEDERAL HABEAS PETITION

On February 5, 2009, the clerk of this court filed Irving's petition for federal habeas corpus relief in which he raises two grounds for relief:[22] (1) A governor's warrant was not issued for petitioner's arrest and it was not clear that he was on probation at the

---

[18]St. Rec. Vol. 1 of 1, 1st Cir. Writ Application, 2007-KW-0487, 3/16/07 (signed 3/12/07).

[19]St. Rec. Vol. 1 of 1, 1st Cir. Order, 2007-KW-0487, 5/2/07.

[20]St. Rec. Vol. 1 of 1, La. S. Ct. Writ Application, 07-KH-1251, 6/14/07 (signed 5/29/07).

[21]State ex rel. Irving v. State, 977 So.2d 948 (La. 2008); St. Rec. Vol. 1 of 1, La. S. Ct. Order, 2007-KH-1251, 3/24/08.

[22]Rec. Doc. No. 1.

5

time. (2) He was illegally detained due to an administrative failure properly to process him within the probation and parole system and he never signed a contract for probation.

The State filed an answer and memorandum in opposition to the petition addressing the timeliness of the petition and Irving's failure to exhaust state court remedies. Alternatively, the State argues that Irving's claims are without merit.

III. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[23] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Irving's petition, which, for reasons discussed below, is deemed filed in a federal court on January 28, 2009.[24]

---

[23]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[24]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Irving's petition was filed in by the clerk of court on February 5, 2009. Irving dated his signature on the petition on January 28, 2009. This is the earliest date on which he could have delivered the pleadings to prison officials for mailing.

6

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

As noted by the State, the record is clear that Irving has <u>not</u> exhausted available state court remedies on both of the claims raised in this court. However, my review of the record also confirms that Irving's petition has not been timely filed and must be dismissed with prejudice for that reason.

IV. <u>STATUTE OF LIMITATIONS</u>

As to timeliness, the State has argued only that Irving's petition was prematurely filed prior to exhaustion. It has not expressly asserted that the petition is time-barred under the AEDPA.

The AEDPA's statute of limitations is an affirmative defense, rather than a jurisdictional mandate. Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1074 (1999). Consequently, the limitations defense may be waived, but the waiver must be <u>express</u> and <u>intentional</u>. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir.

---

The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. See Cousin v. Lensing, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

7

2000) (citing Smith v. Johnson, 216 F.3d 521 (5th Cir. 2000)), cert. denied, 2001 WL 167908 (Feb. 12, 2001); Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998).

In the instant case, the State has not expressly waived its limitations defense by incorrectly implying based on an erroneous time calculation that the petition may be timely.[25] See Simpkins v. Washington Metropolitan Area Transit Authority, 2 F. Supp.2d 52 (D.D.C. 1998) (calculation error based on mistake did not constitute waiver of limitations defense). **Therefore, Irving is hereby placed on notice that the limitations issue is being considered by this court, Fisher v. State, 169 F.3d 295, 301 (5th Cir. 1999); Magouirk, 144 F.3d at 358, and any objection by petitioner to the court's assessment of this issue must be timely filed as required at the conclusion of this report**.

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final or the date on which the factual predicate of

---

[25]In its opposition brief, the State erroneously credited Irving with a 90-day tolling period after the March 24, 2008 Louisiana Supreme Court ruling, citing Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999). Ott provides that, after a ruling by the state's highest court on direct appeal, the 90-day period for seeking issuance of a writ of certiorari with the United States Supreme Court pursuant to U.S. Sup. Ct. Rule 13(1) is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A). Ott does not apply here since the time period at issue is not related to the direct appeal of Irving's underlying conviction, which he never filed, and the referenced writ application to the Louisiana Supreme Court was on collateral review of his probation revocation. The State's brief also erroneously stated that Irving's federal petition was filed on February 5, 200**8**, prior to the Louisiana Supreme Court's March 24, 2008 ruling. The record clearly indicates that the petition was filed by the clerk of this court on February 5, 200**9**, having been prepared and submitted by Irving no earlier than January 28, 200**9**, when he signed it.

the claim or claims presented could have been discovered through the exercise of due diligence.[26] Duncan v. Walker, 533 U.S. 167, 179-80 (2001). Irving's conviction was final on August 13, 2002, when he did not appeal or seek reconsideration of his sentence. In this case, however, Irving challenges his probation revocation, not the underlying conviction. Probation revocation occurred in the state trial court on February 8, 2006.

In Louisiana, there is no appeal from the revocation of probation. State ex rel. Clavelle v. State, 861 So.2d 186, 187 (La. 2003) ("No appeal lies from an order revoking probation, State v. Manuel, 349 So.2d 882 (La.1977); State v. Rexford, 95-0152, p. 2 (La. App. 1st Cir. 6/28/95), 658 So.2d 27, 28, and while supervisory review provides a direct

---

[26]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

means for contesting the trial court's action, we have recognized that post-conviction proceedings may also afford an avenue of relief. State ex rel. Ratclif v. State, 565 So.2d 923 (La.1990) . . ."). Thus, the factual predicate for Irving's claims occurred at the time of revocation on February 8, 2006, and the AEDPA one-year limitations period began to run from that date. See Ray v. Mitchem, 272 Fed. Appx. 807, 809 (11th Cir. 2008) (parole revocations become final and the one-year limitation's period begins to run for purposes of federal habeas petitions on the date parole was revoked).

Under a literal application of the statute, Irving had until February 8, 2007, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled

or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Irving has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001

13

WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

The one-year AEDPA limitations period began to run in Irving's case on February 9, 2006, the day after his probation was revoked. Because Irving had no properly filed state court post-conviction or other collateral review pending during the subsequent year, the limitations period ran uninterrupted for 365 days, until February 8, 2007, when it expired.

The record reflects that, during this period, Irving pursued his first federal habeas corpus petition, which was dismissed without prejudice by this court for failure to exhaust state court remedies. The federal petition, however, did not provide any tolling of the AEDPA limitations period. The law is well-settled that a federal petition is not a state post-conviction application or other collateral review for purposes of tolling under Section 2244. Duncan v. Walker, 533 U.S. 167, 181-182 (2001); Grooms v. Johnson, 208 F.3d 488, 489 (5th Cir. 1999). Therefore, Irving is not entitled to tolling for the time

during which his first federal habeas petition was pending between July 28, 2006, when it was submitted, and February 22, 2007, when it was dismissed.

Similarly, Irving's request for a copy of his transcript, St. Rec. Vol. 1 of 1, Motion for Production of Documents, 4/17/06, made during this time period also does not affect the tolling calculation. See Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes); see also Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, 2002 WL 63541 (E.D. La. Jan. 16, 2002); Jones v. Johnson, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson, 185 F. Supp.2d at 751-52 (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

I also note that Irving allowed another 309-day period of time to lapse between March 24, 2008, when the Louisiana Supreme Court denied his writ application, and January 28, 2009, when he submitted the instant federal petition. He had no state post-conviction or other collateral review pending during that time either.

The record establishes that, after his probation revocation, Irving allowed more than one year to lapse without any properly filed and pending state court proceeding and

without having filed a timely federal petition for habeas corpus relief. Thus, his petition must be dismissed as time-barred.

### **RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of Alvin Irving Jr. for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __10th__ day of August, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE